UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   16-CV-3737 (ILG) (VMS)
 JAIQUAN BOSTIC and KYONE HALL,

                                              Plaintiffs,

            -against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER JOHNATHON WAAGE SHIELD NUMBER 22755, POLICE OFFICER WENDELL DIAS SHIELD NUMBER 08189, POLICE OFFICER JONATHAN ANGULO SHIELD NUMBER 03614, SERGEANT SCOTT HAUG SHIELD NO. 00730, POLICE OFFICER PETER LAZARE SHIELD NUMBER 05579, POLICE OFFICER NELSON REYES SHIELD NUMBER 27566, POLICE OFFICER TONI BURKE SHIELD NUMBER 17970, POLICE OFFICER FRANK BOBICK SHIELD NUMBER 09552, POLICE OFFICER CARLOS GUITIAN SHIELD NUMBER 26807, POLICE OFFICER DARREN CARANELLA SHIELD NUMBER 26346, SERGEANT COLBY WRIGHT SHIELD NUMBER 04395, SERGEANT GEORGE TAVARES SHIELD NUMBER 931301, JOHN DOES A-F, JANE DOES 1-6, "DOE" being fictitious and intended to represent those police officers and employees of the New York City Police Department involved the deprivation of Plaintiffs rights.

                                         Defendants.
------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1. This civil rights action is brought in response to the violent acts of police abuse against plaintiffs Jaiquan Bostic ("Bostic") and Kyone Hall ("Hall"). Plaintiffs seek to recover money damages because defendants' conduct violated their rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and their rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws of the State of New York. Plaintiffs were at their residence enjoying a fourth of July barbeque, when officers who, without provocation, beat them repeatedly including punching them all over their body-repeatedly struck them with a baton, restrained them, and pepper sprayed them. Bostic and Hall, were deprived of their constitutional and common law rights when the individual defendants utilized excessive force, committed an unwarranted and malicious assault and battery on them, unlawfully confined them, and caused his unjustifiable arrest and prosecution.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is conferred up1m this Court pursuant to 28 U.S.C.§§ 1331, 1343(a)(3), and (a)(4) and the aforementioned statutory and constitutional provisions.

3. The plaintiffs further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all State law claims for relief which derive from the same nucleus of operative facts and are part of the same cause or controversy that give rise to the federally based claims for relief.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C § 1391(a), (b) and (c), and because the claims arose and plaintiff resides in this district.

## PARTIES

5. Plaintiff Jaiquan Bostic ("Bostic") is a resident of Kings County, State of New York.

6. Plaintiff Kyone Hall ("Hall") is a resident of Kings County, State of New York.

7. New York City Police Officer Johnathon Waage, ("Waage") shield number 22755, is and was at all relevant times an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the beating, he was assigned to the 73rd precinct. Police Officer Waage is being sued in his individual and official capacity.

8. New York City Police Officer Wendell Dias, ("Dias") shield number 08189, is and was at all relevant times an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the beating, he was assigned to the 73rd precinct. Police Officer Dias is being sued in his individual and official capacity.

9. New York City Police Officer Jonthan Angulo ("Angulo"), shield number 03614, is and was at all relevant times an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the beating, he was assigned to the 73rd precinct. Police Officer Angulo is being sued in his individual and official capacity.

10. New York City Sergeant Scott Haug ("Haug"), shield number 00730, is and was at all relevant times an officer, employee, and agent of the New York City Police

Department ("NYPD"). On the date of the beating, he was assigned to the 73rd precinct. Sergeant Haug is being sued in his individual and official capacity.

11. New York City Police Officer Peter Lazare ("Lazare"), shield number 26342, is and was at all relevant times an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the beating, he was assigned to the 73rd precinct. Police Officer Lazare is being sued in his individual and official capacity.

12. New York City Police Officer Nelson Reyes ("Reyes"), shield number 27566, is and was at all relevant times an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the beating, he was assigned to the 73rd precinct. Police Officer Reyes is being sued in his individual and official capacity.

13. New York City Police Officer Toni Burke ("Burke"), shield number 17970, is and was at all relevant times an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the beating, he was assigned to the 73rd precinct. Police Officer Burke is being sued in his individual and official capacity.

14. New York City Police Officer Frank Bobick ("Bobick"), shield number 09552, is and was at all relevant times an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the beating, he was assigned to the 73rd precinct. Police Officer Bobick is being sued in his individual and official capacity.

15. New York City Police Officer Carlos Guitian ("Guitian"), shield number 26807, is and was at all relevant times an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the beating, he was assigned to the 73rd precinct. Police Officer Guitian is being sued in his individual and official capacity.

16. New York City Police Officer Darren Caranella ("Caranella"), shield number 26346, is and was at all relevant times an officer, employee, and agent of the New York

City Police Department ("NYPD"). On the date of the beating, he was assigned to the 73rd precinct. Police Officer Caranella is being sued in his individual and official capacity.

17. New York City Sergeant Colby Wright ("Wright"), shield number 04395, is and was at all relevant times an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the beating, he was assigned to the 73rd precinct. Sergeant Wright is being sued in his individual and official capacity.

18. New York City Sergeant George Tavares ("Tavares"), shield number 931301, is and was at all relevant times an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the beating, he was assigned to the 73rd precinct. Sergeant Tavares is being sued in his individual and official capacity.

19. John Does A-F, Jane Does 1-6, is and were at all relevant times officers, employees, and agents of the New York City Police Department ("NYPD"). On the date of the beating, and assigned to the 73rd precinct. John Does A-F, Jane Does 1-6 are being sued in their individual and official capacity.

20. John Does A-F, Jane Does 1-6, is and were at all relevant times officers, employees, and agents of the New York City Police Department ("NYPD"). On the date of the beating, and assigned to the 73rd precinct. John Does A-F, Jane Does 1-6 are being sued in their individual and official capacity.

21. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all relevant times, with the power and

authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

22. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

23. On July, 5th 2013, plaintiffs were at their residence enjoying a fourth July barbeque.

24. At approximately 1:05 a.m. defendants began harassing the plaintiffs.

25. The plaintiffs informed the officers that they were merely enjoying a barbecue.

26. The defendant officers then began to arrest the plaintiffs.

27. The defendant officers, without provocation, beat plaintiffs repeatedly including punching them all over their body-repeatedly struck them with a batons, restrained them, and pepper sprayed them.

28. Defendants failed to intervene and assist the Plaintiffs.

29. Plaintiffs were arrested by the defendant officers.

30. Criminal complaints were caused to be filed against the plaintiffs by the defendants Waage, Dias, Angulo and Haug.

31. The criminal complaints were based upon false statements.

32. Plaintiffs were imprisoned until they appeared in court later that day.

33. On or about the 5th day of July, the criminal prosecution was terminated favorably regarding the plaintiffs.

34. The assault on Plaintiffs by the defendants was in excess of their rightful authority as NYPD officers. This assault was made without proper cause.

35. Defendants' conduct caused Plaintiffs to sustain physical pain and suffering and psychological and emotional trauma. Their actions constituted outrageous and reckless conduct, and demonstrated a callous indifference to and willful disregard of plaintiffs' federal and state protected rights.

36. A notice of claim was served on the Comptroller of the City of New York. At least thirty days have elapsed since the service of such notice, and adjustment and/or payment has been neglected and/or refused.

## FIRST CLAIM FOR RELIEF

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

37. Bostic, and Hall, realleges each and every allegation contained in paragraph 1 through 36 of the complaint.

38. Defendants, who were acting in concert and within the scope of their authority, arrested and caused Bostic and Hall to be imprisoned without probable cause in violation of Bostic and Hall's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

39. Bostic and Hall suffered injury as a result of defendants conduct.

## SECOND CLAIM FOR RELIEF

### Violation of Plaintiff's Fourth Amendment

### Right

40. Bostic and Hall, realleges each and every allegation contained in paragraphs 1 through 39 of the complaint.

41. The use of excessive force by defendants, acting in concert, in punching, pushing, restraining, and striking Bostic and Hall was an objectively unreasonable physical seizure of Bostic and Hall in violation of their rights under the Fourth Amendment to the Constitution of the United States.

42. Bostic and Hall suffered injury as a result of defendants conduct.

## THIRD CLAIM FOR RELIEF

### Assault

43. Bostic and Hall realleges each and every allegation contained in paragraphs 1 through 42 of the complaint.

44. Defendants, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiffs in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact, and intentionally engaged in a violent and/or overt menacing act, which threatened such contact to Bostic and Hall and that such act(s) caused reasonable apprehension of such contact to Bostic and Hall.

45. Defendants were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD. The City of New York and the NYPD are responsible for their conduct.

46. Bostic and Hall suffered injury as a result of defendants conduct.

47. Pursuant to 28 U.S.C § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF

### Battery

49. Bostic and Hall realleges each and every allegation contained in paragraphs 1 through 48 of the complaint.

50. The defendants, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiffs when they, in a hostile and/or affirmative manner struck Bostic and Hall without their consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

51. Defendants were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

52. Bostic and Hall suffered injury as a result of defendants' conduct.

53. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH ClAIM FOR RELIEF

### False Arrest and False Imprisonment

54. Bostic and Hall realleges each and every allegation contained in paragraphs 1 through 53 of the complaint.

55. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine Bostic, Hall, and Middelton, and, in fact, confined Bostic and Hall, and Bostic and Hall were

conscious of the confinement. Moreover, Bostic and Hall did not consent to the confinement and the confinement was not otherwise privileged.

56. Defendants were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

57. Bostic and Hall suffered injury as a result of defendants' conducts.

58. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CLAIM FOR RELIEF

### Malicious Prosecution

59. Bostic and Hall realleges each and every allegation contained in paragraphs 1 through 48 of the complaint.

60. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against Bostic and Hall. Defendants acted with actual malice in commencing and continuing the proceeding and there: was an absence of probable cause for the criminal proceeding. Furthermore, the criminal proceeding was terminated favorably to plaintiffs.

61. Defendants were at all relevant times agents, servants and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

62. Bostic and Hall suffered injury as a result of defendants' conduct.

63. Pursuant to 28 U.S.C. § 1367, this Court has supplemental or pendant jurisdiction to hear and adjudicate such claims. Pursuant to the Fourth Amendment of the United States Constitution, this Court has jurisdiction to hear the federally based claim.

## SEVENTH CLAIM FOR RELIEF

### Negligent Hiring, Retention, Training and Supervision

64. Bostic and Hall realleges each and every allegation contained in paragraphs 1 through 63 of the complaint.

65. Defendants, The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants, individuals who were unfit for the performance of police duties on July 5, 2013, at the aforementioned location.

66. Bostic and Hall suffered injury as a result of the conduct of defendant The City of New York.

## EIGHTH CLAIM FOR RELIEF

### Failure to Intervene

67. Bostic and Hall realleges each and every allegation contained in paragraphs 1 through 66 of the complaint.

68. The defendants had a duty to control the conduct of the co-defendants who by their improper conduct caused harm to plaintiffs.

69. The defendants had the ability to prevent co-defendants from causing harm to the plaintiffs.

70. However, the defendants failed to control the actions of the co-defendants and failed to prevent the co-defendants from causing harm to the plaintiffs.

## NINTH CLAIM FOR RELIEF

### Denial of Fair Trial

71. Bostic and Hall realleges each and every allegation contained in paragraphs 1 through 61 of the complaint.

72. The defendants had a duty to cause the plaintiffs to be charged by truthful criminal complaints.

73. The defendants caused the plaintiffs to be charged with false allegations and fabricated charges in the criminal complaints.

74. The defendants fabricated evidence against the plaintiffs.

75. The defendants' false allegations and fabricated evidence against the plaintiffs denied the plaintiffs the right to a fair trial.

76. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

77  Plaintiffs hereby demand trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs pray for relief as follows:

A. That the jury find and the Court adjudge and decree that plaintiffs shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interests and costs,

and punitive damages in an amount to be determined at trial against the individual defendants, jointly and severally.

      B.      That the plaintiff recover the cost of this suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

      C.      That the plaintiffs have such other and further relief as the Court shall deem just and proper.

      Dated: Brooklyn, New York
            March 27, 2016

**Levi Huebner & Associates, PC**

By:   / s / Levi Huebner
        Levi Huebner

535 Dean Street, Suite 100
Brooklyn, NY 11217
(212) 354-5555

*Attorneys for Plaintiff*